UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLIFTON P. MOFFAT,

    Plaintiff,

v.

    Case No. 2:06-cv-300
    HON. R. ALLAN EDGAR

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Clifton P. Moffat, an inmate at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants State of Michigan, Michigan Department of Corrections, Dave Burnett and Sandy Robert Shaw. Plaintiff originally filed his complaint in the Eastern District of Michigan on December 13, 2006. The Eastern District of Michigan transferred the case to this district on December 19, 2006. Defense counsel entered an appearance on January 10, 2007. Summons were never issued in this case. On January 10, 2007, defendants filed a motion to dismiss. It is clear that defendants have never been properly served in this case. It would be inappropriate to dismiss this case for failure to effectuate proper service when summons were never issued as required by this Court. Since the Court has not yet conducted its initial review of the complaint, defendants' motion to dismiss is premature.

Plaintiff alleges in his complaint that he is a blood descendant of the Tribe of Dan and is an Israelite. Plaintiff has chosen to worship as a Protestant while confined in prison. Plaintiff believes as a Christian that the laws concerning clean and unclean animals apply to Protestants.

Plaintiff believes that he must eat Kosher foods. Plaintiff alleges that he engages in regular debates with defendant Shaw on this issue. Plaintiff alleges that he was finally able to participate in the "Kosher test." On June 6, 2006, defendant Burnett issued a decision that plaintiff was not entitled to participate in a Kosher meal program because he was not Jewish and his chosen faith was Protestantism which does not require a Kosher meal adherence.

Plaintiff alleges as a Protestant he is entitled to participate in the Kosher meal program. Plaintiff alleges that defendants violated his rights to practice his religious beliefs and have substantially burdened his sincere religious beliefs in violation of the First Amendment and Religious Land Use and Institutionalized Persons Act. Plaintiff alleges that defendants conspired to violate his rights.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that as a Protestant he is entitled to participate in the Kosher meal program. Plaintiff's request for a Kosher menu was denied for the following reasons:

> Moffat . . . requested accommodation with a Kosher menu. It is noted that Moffat is self identified as Protestant Christian. It is noted that Protestant Christianity does not require its followers to keep Kosher. It is further noted that religious menus are made available to those prisoners whose faith group requires observance of a religious menu. Moffat was interviewed by Sandy Shaw, Chaplain. The paperwork submitted by Shaw indicates that Moffat provided some information about his faith and about his interpretation of Biblical statements. Regardless, as noted above, the Kosher menu is reserved for those whose faith requires keeping Kosher. Protestant Christianity does not require its followers to keep Kosher. Consequently, based on the information available to me, Moffats' request for Kosher accommodations is denied.

Plaintiff first contends that defendant has violated his First Amendment right to freely practice his religion. Prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972). Freedom of religion being a fundamental right, any regulation which infringes upon it must generally be justified by a "compelling state interest." *See*, *for example*, *Wisconsin v. Yoder*, 406 U.S. 205 (1972). However, as a prisoner, plaintiff's constitutional rights are subject to severe restriction. *See*, *for example*, *Bell v. Wolfish*, 441 U.S. 520 (1979) (restriction on receipt of reading materials); *Hudson v. Palmer*, 468 U.S. 517 (1984) (privacy); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (right to call witnesses);

*Richardson v. Ramirez*, 418 U.S. 24 (1974) (vote).  *See*, *generally*, *Washington v. Harper*, 494 U.S. 210 (1990); *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

Rather, the standard by which prison regulations impinging on prisoner constitutional rights is judged is "reasonableness."  *Turner*, 482 U.S. at 88-95; *Washington*, 494 U.S. at 223-25.  In *Turner*, the Supreme Court expressly rejected any degree of "heightened scrutiny" in order to assure that "prison administrators . . . and not the courts . . . make the difficult judgments concerning institutional operations."  *Turner*, 482 U.S. at 89, *quoting Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977).

Plaintiff also claims that Defendants' conduct has violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1.  Section 2000cc-1 states:

> (a)     General Rule
>
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1)     is in furtherance of a compelling governmental interest; and
>
> (2)     is the least restrictive means of furthering that compelling governmental interest.

This rule applies solely in cases where the "substantial burden is imposed in a program or activity that receives Federal financial assistance," or where the burden affects "commerce with foreign nations, among the several States, or with Indian tribes."  42 U.S.C. § 2000cc-1(b).

However, plaintiff's claim is clearly frivolous. As a Protestant, plaintiff cannot show that he is required to have Kosher meals to practice his religious faith. Plaintiff has set forth no requirement that the Protestant religion requires compliance with a Kosher meal program.

Accordingly, it is recommended that defendants' motion to dismiss (Docket # 7) be denied. However, it is recommended that plaintiff's complaint be dismissed on the merits. Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 16, 2007